# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT P. BOLTZ, SR. | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-2254 |
| COMMONWEALTH OF PENNSYLVANIA, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                           **December 16, 2019**

A state court jury convicted Robert P. Boltz, Sr. of two counts of aggravated assault, two counts of simple assault, and one count of recklessly endangering another person when he visited his estranged wife's home while she entertained another man. The state court sentenced Mr. Boltz to no less than three and a half to no more than ten years in prison and to pay a twenty-five dollar fine. Mr. Boltz lost his appeal of the jury's conviction. He then sought post-conviction act relief in the Pennsylvania trial and appellate courts. While he mentioned his former counsel's alleged ineffective assistance, both the trial and appellate courts found he waived this argument by failing to present argument. He did not fairly present this ineffective assistance argument to the state courts for review. The Pennsylvania trial and appellate courts denied his post-conviction relief. He now seeks habeas relief arguing the trial judge imposed an excessive sentence, the Commonwealth did not establish the necessary weight of evidence for the jury to convict him, and his counsel provided ineffective assistance of counsel. We deny his habeas petition as the sentence did not exceed Pennsylvania law or deprive him of due process, the Commonwealth established the necessary weight of the evidence, and Mr. Boltz's ineffective assistance claim is procedurally barred as he failed to fairly present this claim to the state court before raising it before us. We also find no grounds for a certificate of appealability.

I.  **Facts adduced from hearings and public record.**

*January 2016 altercation leading to criminal charges.*

Robert Paul Boltz Sr.'s estranged wife, Lynda Boltz, and her boyfriend, James Wosochlo, enjoyed dinner on January 30, 2016 in her home.[1] Mr. Wosochlo arrived at Mrs. Boltz's home and parked his pickup truck in her driveway.[2] Mr. Wosochlo swore when he arrived at Mrs. Boltz's home,[3] his undamaged vehicle had new tires, and only one paint scratch.[4]

After dinner, while in Mrs. Boltz's bedroom, the two heard a sound from the back of the house.[5] Mrs. Boltz and Mr. Wosochlo exited the rear of the house and saw Mr. Boltz outside with a knife.[6] Mr. Boltz testified he wanted to see his dog, Mandy.[7] Mr. Boltz told Mr. Wosochlo "this is my wife, this is my house."[8] He then attempted to stab Mr. Wosochlo in the midsection, but Mr. Wosochlo blocked his attempt.[9] Mr. Wosochlo grabbed the knife and threw it aside.[10] Mr. Wosochlo sustained a scratch on his arm.[11] Mr. Wosochlo secured Mr. Boltz's arms and moved him around the corner, further away from the house.[12] Mr. Boltz shouted "this is my house, that is my wife, I guess you've been f'ing her for the past year and a half because I haven't been getting any. I know where you live. I know where you work. I know you have a Mexican girlfriend."[13] Mr. Wosochlo let Mr. Boltz go at the end of the driveway and Mr. Boltz continued yelling as he walked toward his car.[14] Mr. Wosochlo found damage on his pickup truck, the words "fuck you" scratched into the paint, the anti-lock braking system lines cut, and all four tires slashed.[15]

Police later arrested Mr. Boltz. The Commonwealth charged Mr. Boltz with two counts of aggravated assault, terroristic threats, prohibited offensive weapons, two counts of simple assault, recklessly endangering another person, criminal mischief, and harassment.[16] At trial, Mr. Boltz testified to a number of injuries sustained while working in construction and resulting in multiple surgeries and a diagnosis of spinal stenosis causing leg pain.[17] He also has arthritis and carpal

2

tunnel.[18] His injuries caused him to have difficulty walking, he had to walk with a cane.[19] He argued his injuries would prevent him from thrusting an object at another person.[20] Mrs. Boltz testified Mr. Boltz moved quickly and seemed physically fit.[21]

### *Conviction and post-conviction charges.*

A state court jury found Mr. Boltz guilty of two counts of aggravated assault, two counts of simple assault, and one count of recklessly endangering another person.[22] The state court found him guilty of the summary charges of criminal mischief and harassment charges and dismissed the charge of terroristic threats.[23] The Commonwealth withdrew the count for prohibited offensive weapons.[24] On January 26, 2017, the state court sentenced Mr. Boltz to no less than three and a half to no more than ten years in prison and to pay a fine of twenty-five dollars.[25] Mr. Boltz filed a post-sentence motion, which the trial court denied on February 6, 2017.[26] Mr. Boltz then appealed to the Pennsylvania Superior Court from his January 26, 2017 sentence and the February 6, 2017 Order denying his post-sentence motion.[27] Through counsel, Mr. Boltz filed an appellate brief, raising the issue of the weight of the evidence and the length and severity of his sentence.[28] The Pennsylvania Superior Court affirmed Mr. Boltz's sentence.[29] Mr. Boltz did not appeal to the Pennsylvania Supreme Court. Mr. Boltz filed a *pro se* petition under the Post-Conviction Collateral Relief Act challenging the trial procedure and his counsel's representation.[30] After Mr. Boltz failed to respond to the Commonwealth's answer to his petition, the Superior Court dismissed his petition on September 26, 2018.[31] Mr. Boltz appealed the denial of his Post-Conviction Relief Act petition challenging (1) the court's denial of his petition without a hearing, (2) wrongful charges, (3) prosecutorial misconduct, (4) judicial error-misconduct, and (5) ineffective assistance of counsel.[32] The Pennsylvania Superior Court affirmed the denial of his

3

petition, concluding Mr. Boltz waived the issue of ineffective assistance of counsel by failing to argue the claim in his petition.[33]

## II. Analysis

Mr. Boltz now *pro se* petitions for a writ of habeas corpus under 28 U.S.C. § 2254 providing, in part:[34]

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Mr. Boltz argues: (1) his sentence "is disproportionate, its [sic] an enhanced sentence without cause,"[35] (2) the "Commonwealth's weight of evidence did not meet prima facie" because he is "not physically capable of the charges, and the Commonwealth presented no photos, hospital records, etc,"[36] (3) he received ineffective assistance of counsel for "failure to meet, prepare and investigate. Being abandoned and sandbagged."[37] We reject his claims and deny his habeas petition.

### A. Mr. Boltz does not show a cognizable excessive sentence claim.

Mr. Boltz argues his sentence of three and a half to ten years is both excessive and outside the scope of the sentencing guidelines. He claims, "The sentence is disproportionate, its [sic] an enhanced sentence without cause."[38] The Commonwealth argues Mr. Boltz's challenge to the length of his sentence is not a cognizable claim. We agree.

Judge Kosik explained when a defendant "challenges the severity of his sentence, such a claim is not grounds for federal habeas relief unless the sentence exceeds limits set by state law."[39] Claims arising from a state's imposed sentence are not cognizable claims in federal habeas proceedings "unless the sentencing constitutes cruel and unusual punishment under the Eighth Amendment, exceeds the statutory limits, or is arbitrary or otherwise in violation of due process."[40]

4

Mr. Boltz's sentence does not exceed statutory limits nor is it arbitrary or in violation of due process. The state court considered the sentencing guidelines and witness statements in imposing a sentence.[41]

### B. The Commonwealth's weight of evidence supported Mr. Boltz's conviction.

Mr. Boltz argues the "Commonwealth's weight of evidence did not meet prima facie" because he is "not physically capable of the charges, and the Commonwealth presented no photos, hospital records, etc."[42] The Commonwealth argues Mr. Boltz's challenge to the weight of the evidence is not a reviewable claim. We agree with its argument.

In *Jackson v. Virginia*, the Supreme Court defined the standard for reviewing a weight of the evidence challenge. " In a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[43] Stated differently, it is not our responsibility to make a determination of guilt or innocence, but to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[44] Our standard of review defers to the initial trier of fact, and when "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution..."[45] In federal habeas proceedings, we look to the evidence considered in the state court to determine whether the evidence meets the elements defined by state law.[46]

Mr. Boltz made this same claim when appealing his sentence.[47] The trial court rejected his argument.[48] The Pennsylvania Superior Court affirmed his sentence.[49] The weight of the evidence against him is sufficient. Following the applicable standard, a trier of fact could have found the

5

essential elements of Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, Criminal Mischief, and Harassment[50] beyond a reasonable doubt. Mr. Boltz argues "the Commonwealth presented no photos, hospital records, etc." During trial, the Commonwealth presented a number of witnesses. The Commonwealth has the burden of proof during trial and may present the necessary evidence to meet its burden. The Commonwealth met its burden through the presented evidence and a jury found Mr. Boltz guilty of his crimes based on the evidence presented at trial.

### C. Mr. Boltz is procedurally barred from raising an ineffective assistance of counsel claim.

Mr. Boltz claims ineffective assistance of counsel for "failure to meet, prepare and investigate. Being abandoned and sandbagged."[51] The Commonwealth argues Mr. Boltz's ineffective assistance claim should be dismissed for failure to exhaust and procedural default. We agree.

Andrea E. Mertz, Esq. represented Mr. Boltz in his state pre-trial and trial proceedings.[52] Attorney Mertz withdrew as counsel on December 6, 2016 when Mr. Boltz fired her.[53] Public defender, Holly Feeney, Esq. and Amber Michelle Moll, Esq.[54] represented Mr. Boltz in his sentencing and post-sentence motion.[55] Public defender Rachel Silver, Esq. represented Mr. Boltz in his direct appeal.[56]

A claim is procedurally defaulted if a petitioner does not exhaust a claim and the state procedure now bars the claim.[57] Before a petitioner is entitled to federal *habeas* review, he must first exhaust his state court remedies.[58] The petitioner must give the state courts a "full and fair opportunity" to decide the issues before he presented them to federal court.[59] A petitioner must do more than present all the facts in state court.[60] "In addition, the habeas petitioner must have "fairly presented" to the state courts the 'substance' of his federal habeas corpus claim."[61] Under

6

Pennsylvania law, the exhaustion requirements can be met without seeking review in the Pennsylvania Supreme Court.[62]

The Supreme Court directs us to excuse a procedural default and grant habeas relief where a petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."[63] Cause exists if there is some "objective factor external to the defense" which prevented counsel from complying with the state procedural rules.[64] Prejudice may be shown where there is "reasonable probability" the defendant would not have been convicted had the attorney's conduct been different.[65] A fundamental miscarriage of justice is apparent where a petitioner demonstrates actual innocence.[66]

Mr. Boltz failed to exhaust his ineffective assistance of counsel claim in state court. Though he attempted to raise an ineffective assistance issue in his Post-Conviction Collateral Relief Act petition, he did not fairly present his claim. Mr. Boltz made only conclusionary statements in his petition.[67] The Post-Conviction Collateral Relief Act Court concluded Mr. Boltz waived his claim for lack of development, and the Pennsylvania Superior Court agreed, dismissing his appeal.[68] The state courts did not have a full and fair opportunity to decide his undeveloped claim.

Mr. Boltz is also procedurally barred from bringing an ineffective assistance of counsel claim because he failed to exhaust state court remedies and now Pennsylvania state procedure bars the claim. A petitioner has one year from when judgment becomes final to file a subsequent Post-Conviction Collateral Relief Act appeal.[69] A judgment becomes final at the conclusion of direct review,[70] and Mr. Boltz's judgment became final after the Superior Court of Pennsylvania denied his appeal on October 3, 3017. Mr. Boltz fails to show any of the three exceptions to a procedurally defaulted claim nor did he allege any of the exceptions in his petition.

7

Had Mr. Boltz properly exhausted his state court remedies his claim would still fail because he does not articulate or allege facts supporting ineffective assistance by any of his attorneys. Mr. Boltz is barred from raising an ineffective assistance of counsel claim because he failed to exhaust state court remedies and his claim is procedurally defaulted.

### D. We find no grounds for a certificate of appealability.

"Unless a circuit justice or judge issue a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[71] When a district court rejects constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[72] In *Slack v. McDaniel*, the Supreme Court explained when a district court denies a *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a certificate of applicability should be issued "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[73] When a "plain procedural bar is present" and the district court correctly invokes it to dispose the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."[74]

Mr. Boltz has not shown, and we cannot find our holding denying Mr. Boltz's claims including the defaulted ineffective trial counsel claim could be reasonably debated.

## III. Conclusion

We deny Mr. Boltz's *pro se* habeas petition claiming excessive sentence, lack of evidence, and ineffective assistance. We deny Mr. Boltz's petition because he has shown neither denial of

8

a federal constitutional right nor a federal law. He also does not establish reasonable jurists would debate the correctness of this ruling and we decline to certify today's Order for appeal.[75]

---

[1] ECF Doc. No. 22-2 at 56 (Tr. at 41:7-14).

[2] *Id.* (Tr. at 41:17, 73:8).

[3] *Id.* at 68 (Tr. at 90:3-14).

[4] *Id.* (Tr. at 90:3-14).

[5] *Id.* at 56 (Tr. at 42:5-10).

[6] *Id.* (Tr. at 45:22-46:2).

[7] *Id.* at 79 (Tr. at 135:25-136:1).

[8] *Id.* at 52 (Tr. at 16:20), 79 (Tr. at 11:13)

[9] *Id.* at 66 (Tr. at 81:7-15).

[10] *Id.* (Tr. at 82:13-15).

[11] *Id.* (Tr. at 82:9-12).

[12] *Id.*

[13] *Id.* at 58 (Tr. at 52:16-20).

[14] *Id.* at 67 (Tr. at 88:1-10).

[15] *Id.* at 68 (Tr. at 91:5-8).

[16] ECF Doc. No. 22-4 at 42.

[17] ECF Doc. No. 22-2 at 79 (Tr. at 133:11-24).

[18] *Id.* (Tr. at 133:11-24).

[19] *Id.* at 62 (Tr. at 65:21-23).

[20] *Id.*

[21] *Id.* (Tr. at 67:24-25).

9

[22] ECF Doc. No. 22-4 at 42.

[23] *Id.*

[24] *Id.*

[25] ECF Doc. No. 22-3 at 7, 12.

[26] ECF Doc. No. 22-4 at 43.

[27] ECF Doc. No. 22-3 at 63.

[28] *Id.* at 45-46.

[29] ECF Doc. No. 22-5 at 1-7.

[30] *Id.* at 10-15.

[31] *Id.* at 56.

[32] *Id.* at 62.

[33] ECF Doc. No. 22-6 at 3 n. 9.

[34] 28 U.S.C. § 2254(a).

[35] ECF Doc. No. 15 at 5, ¶ 12.

[36] *Id.* at 7.

[37] *Id.* at 9.

[38] *Id.* at 5, ¶ 12.

[39] *Lebar v. Thompson*, No. 08-0072, 2013 WL 1969367, at *13 (M.D. Pa. May 13, 2013) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1960)).

[40] *Lebar*, 2013 WL 1969367, at *13.

[41] *See* ECF Doc. No. 22-3 at ¶¶ 17-24; *See also* 18 Pa. C.S.A. §1102(d).

[42] ECF Doc. No. 15 at 7.

[43] 443 U.S. 307, 324 (1979).

[44] *See Virginia*, 443 U.S. at 319; *see also Jackson v. Byrd*, 105 F.3d 145, 148 (3d Cir. 1997).

⁴⁵ *Virginia*, 443 U.S. at 326.

⁴⁶ *Byrd*, 105 F.3d at 149.

⁴⁷ *See* ECF Doc. No. 22-3 at 45-46.

⁴⁸ *See* ECF Doc. No. 22-4 at 42.

⁴⁹ *See* ECF Doc. No. 22-5 at 1-7.

⁵⁰ The Pennsylvania State Code defines the crimes:

§ 2702. Aggravated assault
(a) A person is guilty of aggravated assault if he:
(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life
(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon

§ 2701. Simple assault
(a) Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another
(3) attempts by physical menace to put another in fear of imminent serious bodily injury

§ 2705. Recklessly endangering another person
A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

§ 3304. Criminal mischief
(a) A person is guilty of criminal mischief if he:
(5) intentionally damages real or personal property of another

§ 2709. Stalking
(a) A person commits the crime of stalking when the person:
(1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person

⁵¹ ECF Doc. No. 15 at 9.

⁵² *See* ECF Doc. No. 22-2 at 35-45; ECF Doc. No. 22-2 at 46-90.

⁵³ ECF Doc. No. 22-3 at 3.

11

[54] ECF Doc. No. 22-5 at 13.

[55] ECF Doc. No. 22-3 at 14-42, 45.

[56] *Id.* at 47.

[57] *See Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004).

[58] Section 2254(b)(1)(A).

[59] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[60] *See Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[61] *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)).

[62] *See Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004).

[63] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[64] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[65] *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

[66] *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995).

[67] *See* ECF Doc. No. 22-5 at 18-22, 41-43, ¶¶ 1-10.

[68] ECF Doc. No. 22-6 at 44-46.

[69] 42 Pa. C.S.A. §9545(b).

[70] *Id.*

[71] 28 U.S.C. § 2253(c)(1).

[72] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[73] *Id.*

[74] *Id.*

[75] *Id.*